# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RAYMOND HARGROVE,       )
                                  )
      Movant,             )
                                  )
v.                            )      Case No. CV416-124
                                  )            CR414-384
UNITED STATES OF AMERICA,  )
                                  )
      Respondent.       )

## REPORT AND RECOMMENDATION

After pleading guilty to conspiracy to commit mail fraud, wire fraud, and money laundering, (doc. 10 (plea agreement)[1], doc. 13 (judgment)), Raymond Hargrove moves under 28 U.S.C. § 2255 to vacate his sentence.[2]  Doc. 16.  Review of the parties' briefing shows that his motion must be denied.

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] Specifically, he contends that (1) "[t]he number of victims pertaining to [his] involvement was miscalculated," and (2) [t]he Court failed to take modern dollar value into consideration when determining [his] . . . sentence regarding 3553(a) factors." Doc. 16 at 4-5. Both arguments are layered within ineffective assistance of counsel claims, which are discussed below.

After the Court sentenced him to 48 months' imprisonment (doc. 13), Hargrove never appealed. And "[a] § 2255 motion, it must be remembered, may not be used as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)); *see Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."[3] *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (footnote added). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Id.* at 1344.

---

[3] All of Hargrove's Guidelines-based sentencing claims were available on direct appeal unlike, say, an ineffective assistance of counsel claim.

2

Hargrove nominally pleads IAC to overcome his failure to appeal by claiming that counsel never advised him that he "had a right to raise any issues on appeal, or to appeal." *See* doc. 16 at 6. Although a failure to consult with a defendant regarding an appeal can constitute IAC, *see Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), Hargrove expressly instructed counsel *not* to file an appeal after being fully informed of his appellate rights. *See* doc. 14 ("Notice of Post-Conviction Consultation").[4] His bare claim to the contrary[5] now cannot overcome what he swore to be true shortly after sentencing. *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014). And with nothing to excuse his failure to appeal, Hargrove's claims are procedurally defaulted. *See Nyhuis*, 211 F.3d at 1344.

---

[4] The Notice is a document the Court developed to memorialize counsel's consultation with her client and reflect the client's decision whether to appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (noting that the "Notice of Counsel's Post–Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

[5] Hargrove offers no details beyond "[c]ounsel did [not] advise[] that [he] had a right to appeal." Doc. 16 at 4. Although that isn't a pure legal conclusion (which would itself warrant outright dismissal), it bears the hallmarks of buyer's remorse. In the face of a Notice outlining the appellate rights consultation, such a claim lacks merit and cannot constitute cause to excuse a procedural default. *Nyhuis*, 211 F.3d at 1344.

Accordingly, Raymond Hargrove's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  10th  day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA